## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ABRAHAM A.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 20 C 3439 |
| v. | ) | |
| | ) | Magistrate Judge |
| KILOLO KIJAKAZI, Acting | ) | Maria Valdez |
| Commissioner of Social Security,[2] | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Abraham A.'s claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment [Doc. No. 19] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 22] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

[2] Kilolo Kijakazi has been substituted for her predecessor pursuant to Federal Rule of Civil Procedure 25(d).

<u>**BACKGROUND**</u>

## I.   PROCEDURAL HISTORY

Plaintiff filed claims for DIB and SSI on January 23, 2017 and January 27, 2017, respectively, alleging disability since December 23, 2015. The claims were denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on December 18, 2018. Plaintiff personally appeared and testified at the hearing, along with a vocational expert ("VE"). Plaintiff was not represented by counsel at the hearing.

On February 12, 2019, the ALJ denied Plaintiff's claims for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II.   ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of December 23, 2015. At step two, the ALJ concluded that Plaintiff had the following severe impairments: diabetes mellitus; depression; colorectal cancer; liver mass; and obesity. The ALJ

concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal a listed impairment.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following additional limitations: can never climb ladders, ropes, or scaffolds; can occasionally climb ramps or stairs, balance, stoop, crouch, kneel, and climb; cannot work at unprotected heights or work around hazardous machinery; cannot perform commercial driving; can perform occasional bilateral operation of foot controls; should avoid concentrated exposure to vibration; must work on a flat, even surface; can perform simple routine tasks; cannot perform fast-paced production such as assembly line or work where the machine sets the pace; work is of a variable rate; can have only occasional changes in the work setting; can have no strict production hourly requirements; can have no end of day work goals; and can have no tandem work.

At step four, the ALJ concluded that Plaintiff is unable to perform any past relevant work. At step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that he is not disabled under the Social Security Act.

## DISCUSSION

### I.  ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

4

## II.   JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III.    ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ failed to obtain a proper waiver of Plaintiff's right to representation and failed to fulfill her duty to build a complete record; (2) the ALJ failed to properly accommodate Plaintiff's non-exertional limitations in the RFC assessment and the RFC assessment is invalid on its face because of ambiguity; and (3) the ALJ should have found Plaintiff to be presumptively disabled pursuant to Medical Vocational Grid Rule 201.10.

Concerning Plaintiff's first argument, which presents a threshold issue, disability claimants have a statutory right to be represented at an administrative hearing, either by an attorney or a non-attorney. 42 U.S.C. § 406(c); 20 C.F.R. § 404.1706. An ALJ must ensure that a *pro se* claimant is aware of his right to representation and, if he chooses to continue *pro se*, that he has validly waived it. An ALJ does so when she explains to the claimant: (1) how an attorney can aid in the proceedings; (2) the possibility of free or contingency-based representation; and (3) that an attorney's fees would be limited to 25 percent of any past-due benefits and that a court would need to approve any fees that may be awarded. *Binion v. Shalala*, 13 F.3d 243, 245 (7th Cir. 1994). Generally, a claimant may waive his right to counsel "if given sufficient information to enable him to intelligently decide whether to retain counsel or proceed *pro se*." *Thompson v. Sullivan*, 933 F.2d 581, 584 (7th Cir. 1991) (citation omitted).

In this case, the record indicates that a hearing had originally been scheduled for September 2018, but Plaintiff requested a postponement of the hearing in order to obtain representation. (R. 255.) However, as of the December 28, 2018 hearing, Plaintiff had not obtained counsel or another representative. Concerning Plaintiff's representation, the transcript of the December 2018 hearing reflects the following exchange between the ALJ and Plaintiff:

> ALJ: Last time we went over your rights to representation. You understood you were given that additional time and today we have to go forward with your case.
>
> Plaintiff: Okay.
>
> ALJ: That doesn't prevent you from bringing on an attorney or a representative at any other time in this process, but we can only with the workloads that we do here, we can only grant the one extension. I know that was explained to you, do you remember that conversation?
>
> Plaintiff: Yeah.
>
> ALJ: Okay, so we'll go ahead and talk about your case today.

(*Id.* at 35-36.) That exchange reflects the entirety of the discussion regarding Plaintiff's right to representation at the December 2018 hearing. In her decision, the ALJ stated generally that "[a]lthough informed of the right to representation, the claimant chose to appear and testify without the assistance of an attorney or other representative." (*Id.* at 15.)

Plaintiff argues that the ALJ did not adequately explain Plaintiff's right to representation and Plaintiff did not validly waive that right. The Court agrees. Based on the hearing transcript, there is no concrete evidence that the ALJ ever explained to Plaintiff how an attorney could aid him in the proceedings, the

possibility of free or contingency-based representation, that an attorney's fees would be limited to 25 percent of any past-due benefits, or that a court would need to approve any fees that may be awarded. *See Binion*, 13 F.3d at 245. Though, as quoted above, the ALJ alluded to a prior conversation in which her and Plaintiff purportedly "went over [Plaintiff's] rights to representation," the Court can have no degree of certainty that the required specific explanations were given during an undocumented conversation. Accordingly, the Court rejects Defendant's broad contention – buried at the end of Defendant's memorandum despite the threshold nature of the issue – that "[t]he record reflects that the ALJ informed plaintiff of his rights." (Def.'s Memo at 14.)

The Court also rejects Defendant's argument that the "written details" Plaintiff received adequately informed Plaintiff of his rights, as Defendant offers no legal authority supporting the proposition that written notices can substitute for the explanations an ALJ herself is required to give. Additionally, the Court rejects Defendant's argument that the fact that Plaintiff participated in a separate hearing with a representative in 2014 means that he knew the consequences of not proceeding with counsel in the instant matter. Again, Defendant offers no legal authority to support that point. Ultimately, in the instant proceedings, there is no clear indication that Plaintiff was given sufficient information to enable him to intelligently decide whether to retain counsel or proceed *pro se*. *See Thompson*, 933 F.2d at 584. As such, Plaintiff did not validly waive his right to counsel.

Having found that Plaintiff did not validly waive his right to representation, the issue becomes whether the ALJ failed in her duty to fully and fairly develop the record. *See Thomas v. Barnhart*, 54 F. Appx 873, 878 (7th Cir. 2003) ("But even when his waiver of counsel is invalid, a claimant is not entitled to a remand unless the ALJ failed in his duty to fully and fairly develop the record.") (citation omitted). Of course, even if a claimant is represented by counsel, an ALJ has a duty to develop a full and fair record. *See Smith v. Apfel*, 231 F.3d 433, 437 (7th Cir. 2000). However, "[t]his duty is enhanced when a claimant appears without counsel; then the ALJ must scrupulously and conscientiously [ ] probe into, inquire of, and explore for all relevant facts." *Nelms v. Astrue*, 553 F.3d 1093, 1098 (7th Cir. 2009) (internal quotes and citation omitted). "Although *pro se* litigants must furnish some medical evidence to support their claim . . . the ALJ is required to supplement the record, as necessary, by asking detailed questions, ordering additional examinations, and contacting treating physicians and medical sources to request additional records and information." *Id.* (citations omitted).

The Seventh Circuit has held that – in order to "give teeth to the requirement . . . that the ALJ adequately explain the right to counsel" – if the ALJ "does not obtain a valid waiver, the burden is on the Secretary to show the ALJ adequately developed the record." *Binion*, 13 F.3d at 245. The Seventh Circuit explained that "[w]ithout the shifting of this burden, no sanction would exist for an ALJ's inadequate explanation of a claimant's rights." *Id.* In this case, the Court finds that the Commissioner has not met her burden of demonstrating that the record was

fully and fairly developed by the ALJ. Defendant's only specifically-devoted attempt to do so is contained in two paragraphs on the last two pages of Defendant's memorandum. (Def.'s Memo at 14-15.) There, Defendant argues broadly that "as discussed in detail" elsewhere, "the record contained sufficient evidence for [the ALJ] to assess plaintiff's RFC." (*Id.*) Otherwise in Defendant's memorandum, Defendant raises similarly-broad assertions that the record was adequate. The Court finds that Defendant's assertions falls short.

Furthermore, even if Defendant's burden had been met, a claimant still "has the opportunity to rebut [that] showing by demonstrating prejudice or an evidentiary gap." *Binion*, 13 F.3d at 245. The Court finds that Plaintiff has provided such a rebuttal here. As Plaintiff points out, the ALJ explicitly acknowledged that there were no medical source statements of record. (R. 24 ("There were no medical source statements of record.").) Further, the ALJ gave some weight to the opinions of non-examining state agency consultants, but admitted that "additional evidence was submitted at the hearing level, which was not available to the State Agency." (*Id.* at 23.) Indeed, at the hearing, the ALJ remarked that "quite a few pages" of evidence had been submitted since the originally-scheduled September 2018 hearing (*Id.* at 36.) Plaintiff asserts (and Defendant does not specifically counter) that the additional evidence "consisted of over 400 pages of psychiatric and internal medicine records." (Pl.'s Memo at 10-11.) The ALJ was not permitted to evaluate that medical evidence on her own without the aid of expert review. *See McHenry v. Berryhill*, 911 F.3d 866, 871 (7th Cir. 2018) (an ALJ may not "play[] doctor and

interpret new and potentially decisive medical evidence without medical scrutiny")
(internal quotations omitted); *Nichole M. S. v. Saul*, No. 19 C 7798, 2021 U.S. Dist.
LEXIS 26993, at *41 (N.D. Ill. Feb. 12, 2021) ("In sum, the ALJ erred in relying on
outdated opinions of the state agency psychological consultants and on his own lay
interpretation of the subsequent mental health records. A remand is required so the
ALJ can reevaluate Nichole's mental RFC based upon opinion evidence from
psychological experts who have considered the entire record.").[3] Under these
circumstances, Plaintiff has demonstrated an evidentiary gap and a prejudicial lack
of fully-informed medical opinions.

Ultimately, in this case, the Court finds that Plaintiff did not validly waive
his right to representation and the ALJ did not satisfy her heightened obligation to
fully develop the record. Accordingly, this matter must be remanded for further
proceedings. *See Sanders v. Colvin*, No. 13 C 8658, 2015 U.S. Dist. LEXIS 37060, at
*18-19 (N.D. Ill. Mar. 24, 2015) ("We agree with plaintiff that remand is required
because the ALJ failed to obtain a valid waiver of counsel and failed to adequately
develop the record.").

Based on its conclusion that remand is necessary for the above reasons, the
Court need not explore in detail the remaining errors claimed by Plaintiff. The
Court emphasizes that the Commissioner should not assume these issues were
omitted from the opinion because no error was found. Indeed, the Court admonishes

---

[3] Though Defendant praises the ALJ for "obtain[ing] additional outstanding medical
records" generally (Def.'s Memo at 14-15), that does not change the fact that those records
were not subject to medical expert scrutiny.

the Commissioner that, on remand, special care should be taken to ensure that Plaintiff's non-exertional limitations are properly accounted for in an unambiguous RFC assessment and the issue of whether Plaintiff is presumptively disabled is properly assessed.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for summary judgment [Doc. No. 19] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 22] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order. On remand, if Plaintiff validly waives his right to representation, the ALJ must satisfy her heightened obligation to fully develop the record as specified herein.

**SO ORDERED.**                                             **ENTERED:**

**DATE:    December 16, 2021**                    _____
                                                          **HON. MARIA VALDEZ**
                                                          **United States Magistrate Judge**