IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ABRAHAM A.,[1] )<br>)<br>      Plaintiff, )<br>)<br>  v. )<br>)<br>KILOLO KIJAKAZI, Acting )<br>Commissioner of Social Security,[2] )<br>)<br>      Defendant. )<br>) | No. 20 C 3439<br><br>Magistrate Judge<br>Maria Valdez |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Abraham A.'s claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

The matter is presently before the Court on Defendant's Rule 59(e) Motion to Alter or Amend Judgment [Doc. No. 31]. Defendant's motion asks this Court to reconsider its Memorandum Opinion and Order dated December 16, 2021 [Doc. No.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

[2] Kilolo Kijakazi has been substituted for her predecessor pursuant to Federal Rule of Civil Procedure 25(d).

29] which granted in part and denied in part Plaintiff's motion for summary judgment [Doc. No. 19], denied Defendant's cross-motion for summary judgment [Doc. No. 22], and remanded the matter to the Commissioner for further proceedings. For the reasons that follow, Defendant's motion to reconsider [Doc. No. 31] is granted. Further, upon reconsideration, Plaintiff's motion for summary judgment [Doc. No. 19] is denied, and Defendant's cross-motion for summary judgment [Doc. No. 22] is granted.

## MOTION TO RECONSIDER

Defendant moves to reconsider pursuant to Federal Rule of Civil Procedure 59(e). A party moving to alter or amend a judgment under Rule 59(e) "must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 955 (7th Cir. 2013) (citation and internal quotations omitted). A manifest error of law may be demonstrated if the Court failed to apply controlling precedent. *See Oto v. Metro. Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000). A motion to reconsider under Rule 59(e) "enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) (citation omitted).

In this case, Plaintiff did not have an attorney or non-attorney representative while proceeding before the ALJ. In previously moving for summary judgment, Plaintiff argued, *inter alia*, that he did not validly waive his right to counsel and that, in light of the invalid waiver, the ALJ did not satisfy her concomitant

2

enhanced duty to fully develop the record. In its December 16, 2021 decision, this Court agreed with Plaintiff's contention in that regard. [Doc. No. 29 at 7-12.] In reaching that determination, the Court was guided by the Seventh Circuit's pronouncement that "[t]o ensure a valid waiver of counsel, we require *the ALJ to explain* to the *pro se* claimant (1) the manner in which an attorney can aid in the proceedings, (2) the possibility of free counsel or a contingency arrangement, and (3) the limitation on attorney fees to 25 percent of past due benefits and required court approval of the fees." *Binion v. Shalala*, 13 F.3d 243, 245 (7th Cir. 1994) (emphasis added, citation omitted).[3]

This Court found that the hearing transcript in this case did not reflect that the ALJ gave this required information to Plaintiff, and that, as such, Plaintiff did not validly waive his right to representation. [Doc. No. 29 at 8-9.] As noted in the Court's prior decision, there were no medical source statements and a significant number of additional pages of medical records had been submitted. [Doc. No. 29 at 11.] Under the circumstances, the Court found that Defendant did not meet her burden – which falls upon the Commissioner in cases of invalid waiver – of establishing that the ALJ, in turn, satisfied her heightened duty to supplement the record by "ordering additional examinations[] and contacting treating physicians

---

[3] *See also, e.g., Thomas v. Barnhart*, 54 F. App'x 873, 877-78 (7th Cir. 2003) ("*An ALJ* must explain to the claimant how an attorney could assist him in the proceedings. He must also notify the claimant that he may be able to obtain legal representation for free or on a contingency basis, and that the court will review any award of attorney fees, which will in no case exceed twenty-five percent of past-due benefits. If *the ALJ* omits any of this information when inquiring whether a claimant wishes to proceed without counsel, then the claimant's waiver of counsel is invalid.") (emphasis added, citations omitted).

3

and medical sources to request additional records and information." *Nelms v. Astrue*, 553 F.3d 1093, 1098 (7th Cir. 2009) (citation omitted).

In her summary judgment brief, Defendant devoted one sentence to an assertion that Plaintiff validly waived his right to counsel because "he received written details about his right to representation – and related details about the manner in which a representative could help him, the possibility of free or contingency-fee representation, and the limitations on attorney fees – in each of the two Notices of Hearing sent by the agency." [Doc. No. 23 at 14.] This Court rejected that argument, reasoning that "Defendant offer[ed] no legal authority supporting the proposition that written notices can substitute for the explanation an ALJ herself is required to give." [Doc. No. 29 at 9.] *See United States v. Alden*, 527 F.3d 653, 664 (7th Cir. 2008) ("[I]t is not the obligation of this Court to research and construct the legal arguments available to the parties.") (citations omitted).

However, in moving to reconsider, Defendant now points the Court to the Seventh Circuit's decision in *Jozefyk v. Berryhill*, 923 F.3d 492 (7th Cir. 2019).[4] In *Jozefyk*, the ALJ denied plaintiff Christopher Jozefyk's claims for benefits. On appeal, Jozefyk argued that "the ALJ did not establish a valid waiver of attorney representation before allowing Jozefyk to proceed *pro se* at the hearing." *Id.* at 494. In rejecting Jozefyk's contention, the Seventh Circuit held as follows:

---

[4] The Court notes that it was incumbent on Defendant to cite this authority the first time around. *See Trs. of the Chi. Plastering Inst. Pension Tr. v. Cork Plastering, Inc.*, No. 03 C 6867, 2007 U.S. Dist. LEXIS 86946, at *5-6 (N.D. Ill. Nov. 26, 2007) ("Plaintiffs failed to cite any of this authority earlier, and a motion to reconsider is neither the time nor the place to [do] so for the first time.").

4

> Here, Jozefyk was adequately advised of his right to counsel. Months before the hearing, the agency mailed several written notices explaining his right to an attorney, counsel's role in disability proceedings, and available fee arrangements. Specifically, the "Your Right to Representation" pamphlet attached to his hearing notices lists, in detail, the admonishments this court requires to establish waiver. . . .
>
> [S]o long as it contains the required information, written notice adequately apprises a claimant of his right to counsel. *Compare Castillo v. Barnhart*, 325 F.3d 550, 552 (5th Cir. 2003) (per curiam) ("[T]he numerous written notices Castillo received . . . sufficiently informed her of her right to an attorney.") *with Thompson v. Sullivan*, 933 F.2d 581, 584 (7th Cir. 1991) (written notice and oral reminders were insufficient because they failed "to fully discuss the benefits of legal representation or the possibility of contingency arrangements."). That's especially true when the ALJ issues the claimant an oral reminder at the hearing. *See Evangelista v. Sec. of Health and Human Serv.*, 826 F.2d 136, 142 (1st Cir. 1987). We decline to expand an already demanding waiver standard by requiring the ALJ to recite admonishments that the agency's own regulations do not require. Moreover, the ALJ was not silent: she confirmed that Jozefyk was appearing without an attorney and that he was aware of his right to counsel.

*Id.* at 496-97.

In this case, as reiterated in Defendant's motion to reconsider, "plaintiff twice received written notices explaining in detail his right to representation, including specifics about the manner in which a representative could help him, the possibility of free or contingency-fee representation, and the limitations on attorney fees." (Def.'s Mot. at 2.) Defendant further asserts that Plaintiff received "a detailed, two-page brochure, 'Your Right to Representation,' which in simple language expanded on the above information and explained what a representative could do for plaintiff and the limits on fees a representative could charge." (*Id.*) In responding to Defendant's motion to reconsider, Plaintiff has not challenged the assertion that he did in fact received such written notices. Furthermore, as set forth in the Court's

5

prior decision, the ALJ reminded Plaintiff in general terms of his right to representation at the hearing. [Doc. No. 29 at 8.] Under *Jozefyk*, in light of the ALJ's oral reminder and the written notices Plaintiff admittedly received in this case – including the "Your Right to Representation" pamphlet found sufficient in *Jozefyk* – Plaintiff validly waived his right to counsel by electing to proceed without a representative.

In responding to Defendant's motion to reconsider, Plaintiff relies entirely on the Seventh Circuit's decision in *Thompson v. Sullivan*, 933 F.2d 581 (7th Cir. 1991). Plaintiff maintains that "[i]t is noteworthy that, in *Thompson*, the same written notices were provided to the *pro se* litigant by the ALJ, but the Court therein also considered the very brief verbal exchange between the *pro se* litigant and the ALJ, and ultimately concluded that there was not a valid waiver of counsel – just as the Court did herein." (Pl.'s Resp. at 1.) However, per the above-quoted passage, the *Jozefyk* court acknowledged the *Thompson* decision, but reached a different conclusion. Plaintiff's responsive argument ultimately fails because the outcome of *Thompson*, based on the specific facts of that case, does not change the Seventh Circuit's more recent pronouncement in *Jozefyk* that written notices may adequately advise a claimant of his right to representation.

Having now decided that Plaintiff validly waived his right to counsel, the question becomes whether the ALJ fulfilled her duty to develop the record. Per the determination above, the ALJ did not have a heighted duty to develop the record, but she still retained a general duty to develop a full and fair record. *See Smith v.*

*Apfel*, 231 F.3d 433, 437 (7th Cir. 2000). The Court finds that the ALJ fulfilled that duty. The main thrust of Plaintiff's argument as to the adequacy of the record is his assertion that the ALJ should have obtained "[a] medical opinion from one of Plaintiff's doctors." (Pl.'s Resp. at 2; *see also* Doc. No. 19 at 11 ("[T]he ALJ did not ask Plaintiff to contact any of his treating medical professionals, or make any effort to do so on her own. She did not call upon a medical expert to sort through [the] additional records.").) However, given his valid waiver of counsel, Plaintiff is subject to the usual standards incumbent upon a Social Security claimant. The Seventh Circuit has made clear that "[t]he claimant bears the burden of producing medical evidence that supports her claims of disability." *Eichstadt v. Astrue*, 534 F.3d 663, 668 (7th Cir. 2008); *see also Punzio v. Astrue*, 630 F.3d 704, 712 (7th Cir. 2011) ("The claimant bears the burden of submitting medical evidence establishing her impairments and her residual functional capacity.") (citations omitted). Plaintiff's argument concerning the lack of medical opinions must fail because Plaintiff himself did not offer the medical opinions he now claims were lacking. *See Charles F. v. Saul*, No. 18 C 618, 2019 U.S. Dist. LEXIS 134940, at *15 (N.D. Ill. Aug. 12, 2019) ("[The claimant] contends that the treating doctor's opinion would be 'valuable information' to support his claim. Therefore, the burden was on [the claimant] to supply an opinion from Dr. Vermillion.").

     As Defendant points out, in September 2018, Plaintiff asked the ALJ to obtain additional medical records and the ALJ did obtain such records. Plaintiff nonetheless faults the ALJ for assessing those medical records without the aid of a

medical expert. However, as a general matter, the necessity of medical opinions is a matter subject to the ALJ's discretion. *See Jesus P. v. Saul*, No. 19 C 2271, 2020 U.S. Dist. LEXIS 105788, at *33 (N.D. Ill. June 17, 2020) ("An ALJ's retention of a medical expert is discretionary and 'there is no requirement that ALJs contact all treating physicians for disability opinions.'") (citations omitted). Further, the Court agrees with Defendant that the ALJ was empowered to consider the unreviewed evidence, because the job of assessing a claimant's work-related abilities lies solely with the ALJ, not a medical expert. *See Thomas v. Colvin*, 745 F. 3d 802, 808 (7th Cir. 2014) ("[T]he determination of a claimant's RFC is matter for the ALJ alone – not a treating or examining doctor – to decide.") (citation omitted). Especially in light of the fact that it was Plaintiff's burden to submit medical opinions, the Court is now persuaded that the ALJ in this case was not impermissibly "playing doctor" when she evaluated the additional medical records. *See Armstrong v. Barnhart*, 287 F. Supp. 2d 881, 886-87 (N.D. Ill. 2003) ("Our review of the record indicates that the ALJ was not 'playing doctor,' but performing his duty to consider and weigh the evidence."); *Morrow v. Berryhill*, No. 16 C 8430, 2017 U.S. Dist. LEXIS 152743, at *7 (N.D. Ill. Sep. 20, 2017) ("Plaintiff further contends that the ALJ erred by failing to obtain a medical opinion from a doctor who had reviewed the entire record. This was necessary, plaintiff says, because she submitted additional medical evidence, including two treating source opinions, after the agency reviewers opined on her condition. However, the ALJ was able to and did consider the additional medical evidence in making his determination. . . Thus, the ALJ was not required to have a

8

doctor opine on the conflicting medical evidence, and he was not 'playing doctor' when he weighed it himself.") (citations omitted).

Ultimately, applying *Jozefyk* as controlling precedent, the Court finds that Plaintiff validly waived his right to representation while proceeding before the ALJ. The Court further finds that the ALJ fulfilled her general duty to fully and fairly develop the record. Accordingly, the Court must vacate its December 16, 2021 decision to the extent it found invalid waiver, an enhanced duty to develop the record, and neglect of that duty on the ALJ's part. Given its previous determination that the waiver issue warranted remand, the Court did not consider the remaining arguments raised by the parties in their summary judgment briefing. The Court will now consider those arguments below.

## **RECONSIDERATION OF THE PARTIES' CROSS-DISPOSITIVE MOTIONS**

### I. PROCEDURAL HISTORY

As set forth in this Court's December 16, 2021 decision, Plaintiff filed claims for DIB and SSI on January 23, 2017 and January 27, 2017, respectively, alleging disability since December 23, 2015. The claims were denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on December 18, 2018. Plaintiff personally appeared and testified at the hearing, along with a vocational expert ("VE"). As discussed in detail above, Plaintiff was not represented by counsel at the hearing.

On February 12, 2019, the ALJ denied Plaintiff's claims for benefits, finding him not disabled under the Social Security Act. The Social Security Administration

Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of December 23, 2015. At step two, the ALJ concluded that Plaintiff had the following severe impairments: diabetes mellitus; depression; colorectal cancer; liver mass; and obesity. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal a listed impairment.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following additional limitations: can never climb ladders, ropes, or scaffolds; can occasionally climb ramps or stairs, balance, stoop, crouch, kneel, and climb; cannot work at unprotected heights or work around hazardous machinery; cannot perform commercial driving; can perform occasional bilateral operation of foot controls; should avoid concentrated exposure to vibration; must work on a flat, even surface; can perform simple routine tasks; cannot perform fast-paced production such as assembly line or work where the machine sets the pace; work is of a variable rate;

10

can have only occasional changes in the work setting; can have no strict production hourly requirements; can have end of day work goals; and can have no tandem work.

At step four, the ALJ concluded that Plaintiff is unable to perform any past relevant work. At step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that he is not disabled under the Social Security Act.

### III. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386,

11

389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## IV. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in

12

evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the

Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

## V. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ failed to obtain a proper waiver of Plaintiff's right to representation and failed to fulfill her duty to build a complete record; (2) the ALJ's RFC assessment is invalid because it is ambiguous; (3) the ALJ failed to properly accommodate Plaintiff's non-exertional limitations in the RFC assessment; and (4) the ALJ improperly determined that Plaintiff could sustain work at the light exertional level, and should have found him to be limited to sedentary work and therefore presumptively disabled. Plaintiff's first argument has been disposed of above. Plaintiff's remaining arguments will be addressed below in turn.

### A. <u>Whether the RFC is Ambiguous</u>

Plaintiff argues that the ALJ's RFC assessment is invalid because it is ambiguous. As specifically stated in her decision, with respect to Plaintiff's non-exertional limitations, the ALJ found that Plaintiff could perform "simple routine tasks; no-fast-paced production such as assembly line or work where the machine sets the pace; work is of a variable rate; only occasional changes in the work setting; no strict production, hourly requirements; end of day work goals; and no tandem work." (R. 20.) In advancing his argument that the RFC is ambiguous, Plaintiff

14

focuses on the ALJ's expression of Plaintiff's ability to meet end-of-day work goals, both in her decision and her hypotheticals to the VE. According to Plaintiff, "[t]he haphazard placement of commas and semi-colons, combined with the absence of properly placed verbs or clause structure, make it impossible to know whether the ALJ determined Plaintiff could or cannot meet end of day goals." [Doc. No. 19 at 11.] The Court agrees with Plaintiff that the ALJ's RFC formulation as delineated in her decision is not the model of clarity. However, in the colloquy between the ALJ and the VE at the hearing, it is plain that the ALJ properly communicated that Plaintiff *could* meet end of day work goals, but not hourly requirements. (R. 60-62.) As understood and stated by the VE, the ALJ asked the VE to consider "jobs that had end of the day goals versus hourly quotas." (*Id.* at 61.) Accordingly, giving the ALJ's RFC a commonsensical reading, the Court ultimately concludes that the RFC formulation is not invalid based on ambiguity. *See Jones v. Astrue*, 623 F.3d 115, 1160 (7th Cir. 2010) ("Rather than nitpick the ALJ's opinion for inconsistencies or contradictions, we give it a commonsensical reading.") (citation omitted).

### B.     The ALJ's Assessment of Plaintiff's Non-Exertional Limitations

Plaintiff takes issue with the ALJ's finding as to the "paragraph B" areas of mental functioning, namely, understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting and managing oneself. With respect to understanding, remembering, or applying information, the ALJ found that Plaintiff had a moderate limitation. In support of her finding, the ALJ noted that Plaintiff "was consistently described as

15

alert and oriented with normal through process and speech" and "is able to understand and remember what he reads and sees on television." (R. 19.) With respect to interacting with others, the ALJ found that Plaintiff had a mild limitation. In support of her finding, the ALJ noted that Plaintiff "visits his friends at their homes" and "enjoys conversations, family activities, and his friends." (*Id.*) The ALJ further noted that Plaintiff's "interaction style was open" and that he "was described as appropriate, polite, pleasant, and cooperative with appropriate appearance and behavior." (*Id.*) With respect to concentrating, persisting, or maintaining pace, the ALJ found that Plaintiff had a moderate limitation. In support of her finding, the ALJ noted that Plaintiff "was able to concentrate on task[s] until finished" and "is able to manage his own finances." (*Id.* at 20.) Finally, with respect to adapting or managing oneself, the ALJ found that Plaintiff had a moderate limitation. In support of her finding, the ALJ noted that Plaintiff "performs activities of daily living and self-care independently" and that "[h]e cooks, helps with household chores, cleans, does his laundry, makes the bed, washes the dishes, vacuums, plants flowers, and takes care of pets" (*Id.*) The ALJ further noted that Plaintiff "handles his own finances" and enjoys "painting, drawing, family activities, conversation, and keeping up with the news." (*Id.*)

     Given these explicit rationales provided by the ALJ based on evidence in the record, the Court finds that the ALJ's determinations as to the mental functional areas were based on substantial evidence and the ALJ provided the requisite logical bridges from the evidence to her conclusions. *See Meghan S. v. Kijakazi*, No. 20 C

1592, 2021 U.S. Dist. LEXIS 172594, at *8-9, 17-18 (N.D. Ill. Sep. 13, 2021). The Court declines Plaintiff's invitation to reweigh the evidence as to Plaintiff's mental impairments, which is forbidden. *See Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) ("We will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute our judgment for the ALJ's determination so long as substantial evidence supports it.") (citations omitted).

With respect to concentration, persistence, and pace in particular, Plaintiff contends that limiting an individual "to simple, repetitive – i.e., unskilled work – does not necessarily address moderate deficiencies of concentration, persistence and pace." [Doc. No. 19 at 14.] However, an ALJ's use of catchall phrases (such as "simple, routine tasks") in an RFC, without more, does not necessitate remand. *See Recha v. Saul*, 843 F.App'x 1, 4 (7th Cir. 2021) (noting that the use of boilerplate language, by itself, is not reversible error). Furthermore, crucially, Plaintiff has not articulated what sort of verbiage the ALJ should have used with respect to his asserted limitations with concentration, persistence, and pace. *See Martin v. Saul*, 950 F.3d 369, 374 (7th Cir. 2020) ("Although [the claimant] complains that the pace requirements are too vague, there is only so much specificity possible in crafting an RFC. The law required no more."). Accordingly, Plaintiff's challenge regarding concentration, persistence, and pace must fail. *See Jozefyk*, 923 F.3d at 498 ("It is unclear what kinds of work restrictions might address Jozefyk's limitations in concentration, persistence, or pace because he hypothesizes none.").

17

### C.  The ALJ's Assessment of Plaintiff's Physical Limitations

In his final argument, Plaintiff contends that the ALJ's physical RFC assessment is erroneous. As stated above, the ALJ determined that Plaintiff could "perform light work . . . except never climb ladders, ropes, or scaffolds; occasionally climb ramps or stairs, balance, stoop, crouch, kneel, and climb; no work at unprotected heights or work around hazardous machinery; no commercial driving; occasional bilateral operation of foot controls; avoid concentrated exposure to vibration; [and] work on a flat even surface." (R. 20.) Plaintiff argues that he should have been found to be capable of no more than sedentary, unskilled work, thereby rendering him presumptively disabled on account of his age.

The Court rejects Plaintiff's argument in that regard and finds that the ALJ's physical RFC assessment was supported by substantial evidence. In determining that Plaintiff could perform light work, the ALJ noted Plaintiff's testimony that his "diabetes [is] controlled with diet and oral medication," "he is comfortable walking for 5 blocks," and "[h]e climbs stairs as he stay[s] in the basement with 13 steps." (R. 21). The ALJ further noted that in March 2017: Plaintiff "indicated that he was able to walk for 2 blocks without any assistance and can lift 50 pounds" (*id.* at 22); Plaintiff "had a nonantalgic gait and required no assistive device for ambulation" (*id.*); Plaintiff "had normal range of motion of the spine and all joints and he could squat" (*id.*); and Plaintiff "had motor strength of 5/5 in the upper and lower extremities" (*id.*). The ALJ also noted that: "By august 16, 2017, [Plaintiff] was ambulatory and walking without restrictions. On January 18, 2018, he was

18

independent with walking and with activities of daily living. [And] [w]hen examined in March 2018, he was able to walk 4 blocks without stopping and could climb 2 flights of stairs." (*Id.* at 22 (citations omitted).) Given this evidence and findings, the Court concludes that the ALJ's determination as to Plaintiff's physical capacity was supported by substantial evidence. Though Plaintiff argues in particular that the ALJ did not accommodate his reported issues with dizziness, the Court finds that – in limiting Plaintiff, *inter alia*, to only occasional balancing and work on a flat surface – the ALJ did properly account for Plaintiff's alleged dizziness.

## CONCLUSION

For the foregoing reasons, Defendant's Rule 59(e) Motion to Alter or Amend Judgment [Doc. No. 31] is granted. The Court hereby vacates its Memorandum Opinion and Order dated December 16, 2021 [Doc. No. 29], along with the corresponding Minute Order [Doc. No. 28] and Entered Judgment [Doc. No. 30]. Further, upon reconsideration, Plaintiff's motion for summary judgment [Doc. No. 19] is denied, and Defendant's cross-motion for summary judgment [Doc. No. 22] is granted.

**SO ORDERED.**            **ENTERED:**

**DATE:**   **February 2, 2022**

                                                   **HON. MARIA VALDEZ**
                                                   **United States Magistrate Judge**